[Civ. No. 17443. Second Dist., Div. Two. Feb. 24, 1950.]

ADELE MARIE NELSON, Appellant, v. NORRIS J. NELSON, Respondent.

N. E. Youngblood for Appellant.

Guthrie, Darling & Shattuck and Milo V. Olson for Respondent.

WILSON, J.—Appeals from three separate orders made after entry of the interlocutory judgment of divorce, which is the subject of an appeal in this action this day decided, *ante,* p. 208 [215 P.2d 47], grew out of an order requiring defendant to pay the costs of plaintiff's appeal from the judgment.

After she had perfected her appeal she made a motion for an order requiring defendant to pay counsel fees and costs to be incurred in connection therewith. The motion came on for hearing before Judge Bartlett who made an order for the payment of $1,800 on account of such costs. The minute order was entered on February 15, 1949, notice of which was served on defendant's counsel on February 16. A written order to the same effect was signed by Judge Bartlett and filed on February 28, 1949. The order was based in part upon the estimate of the shorthand reporter that the cost of his transcript would amount to $1,500. When the transcript had been completed it was found that the cost was $843.75. Defendant then made a motion which came on for hearing on April 29, 1949, before Judge McKesson for a modification of the previous order so as to provide for the payment of the actual cost of the transcript instead of the amount previously estimated. This motion was denied. Thereupon defendant filed a notice of appeal from the minute order of February 15 (signed order of February 28) and from Judge McKesson's order denying the motion to modify. Since the appeal from the February order was taken more than 60 days after its entry the appeal will be dismissed.

On June 29, 1949, defendant presented another motion, which came before Judge Bartlett for hearing, to modify the February order upon the same grounds which formed the basis of the motion of April 29. Upon the showing of the actual cost of the transcript Judge Bartlett modified his previous order, reducing by $650 the amount previously ordered to be paid. Plaintiff appealed from the latter order.

In such a case as this the wife, upon proper showing, is entitled to have her costs of appeal paid by the husband, but she is not entitled to profit through an order made upon an erroneous estimate for an amount much greater than her

actual costs. Since the original order was made upon the reporter's estimate of his statutory fee for the preparation of the transcript and his actual fee was less than his estimate, the original order should have been modified. Hence the court erred in refusing on April 29 to amend the original order.

The reversal of the order of April 29 renders moot Judge Bartlett's order of June 29 and plaintiff's appeal therefrom.

Defendant's appeal from the minute order of February 15, 1949 (written order February 28), is dismissed. The order of April 29, 1949, refusing to modify the original order for costs is reversed with directions to grant the motion and to reduce by the sum of $656.25 the amount required to be paid by defendant to plaintiff for her costs on appeal. Plaintiff's appeal from the order of June 29, 1949, is dismissed.

Moore, P. J., and McComb, J., concurred.