[Civ. No. 14723.   First Dist., Div. One.   Nov. 15, 1951.]

W. K. POPE, Appellant, v. GRACE SHIELDS POPE, Respondent.

J. W. Lenahan for Appellant.

John D. Costello and M. Mitchell Bourquin for Respondent.

PETERS, P. J.—In 1947, after 13 years of marriage, appellant filed suit for divorce. His wife, the respondent, cross-complained, first for separate maintenance, and later for a divorce. After a long and spirited trial, the wife was granted a divorce on the grounds of the cruelty and the habitual intemperance of her husband. In addition, the trial court awarded the wife $3,072.12 costs, $2,000 a month alimony terminable only on her death or remarriage, and $100,000 as her share of the community property. The husband thereupon appealed from those portions of the interlocutory and final judgments apportioning the community property, and awarding her alimony. Thereupon, the wife's present counsel were brought into the case, and moved for counsel fees in the amount of $20,000 to enable the wife adequately to defend the appeal. The trial court, after a hearing, allowed the wife $15,000 for counsel fees on the appeal. The husband appeals, contending that the amount awarded was excessive.

The defense of the appeal was successfully handled by the attorneys here involved, and resulted in an affirmance of the judgment, except as to a minor portion thereof relating to certain personal possessions. (*Pope* v. *Pope,* 102 Cal.App. 2d 353 [227 P.2d 867].)

Appellant husband seeks to minimize the complexity of his appeal in the divorce action, urging that, as far as respondent was concerned, only simple matters were involved that required no particular legal ability or skill to handle. Although he made no such admission in his briefs or argument on that appeal, but to the contrary strenuously urged the merits of his then contentions, the husband would now have us believe that his then appeal was practically frivolous.

We are well aware of the difficult problems facing the attorneys for the wife on that appeal. The trial court simply had found, without allocation, that the community property exceeded $150,000, and awarded a flat sum of $100,000 to the wife. It failed to designate which items of the $1,700,000 of property in the possession of the husband made up the $150,000 of community property. One of the major contentions on that appeal was that these findings were unsupported by the evidence, and that whatever community property existed had been entirely consumed by the parties' living expenses. These parties had been married 13 years. The husband's business transactions during this period had been extremely complicated. He had been evasive at the trial and his records, some of which he had destroyed, were

incomplete. He had a present estate of $1,700,000. The wife's attorneys were faced with the difficult problem of justifying the finding segregating $150,000 of the property as being existing community property. To do this required a detailed knowledge of the law relating to community property, a precise knowledge of what appeared in the 750-page transcript, a practical and working knowledge of accounting, and a knowledge of corporate finance. The complexity of that appeal is demonstrated by the opinion of this court affirming the judgment. The opinion is 22 pages long, 20 pages exclusive of headnotes. Difficult legal and factual problems are there discussed. That appeal was not only not a simple one, but was complex and difficult. It was handled by the attorneys for the wife with painstaking care, and with ability and skill.

On the present appeal it is conceded that a necessitous wife, in a divorce action, is entitled to an award for counsel fees to defend an appeal taken by her husband. The facts that the wife was unable to pay for such services and that the husband had the financial ability to pay are also conceded. It is agreed that, under the law, the allowance of such fees and their amount rest in the sound discretion of the trial court, and that an allowance will be set aside only for an abuse of discretion. These concessions are in accordance with the law. (*Fallon* v. *Fallon*, 86 Cal.App.2d 872 [195 P.2d 878]; *Busch* v. *Busch*, 99 Cal.App. 198 [278 P. 456]; *Crocker* v. *Crocker First Nat. Bank*, 60 Cal.App.2d 725 [141 P.2d 482]; *Baldwin* v. *Baldwin*, 28 Cal.2d 406 [170 P.2d 670].) Appellant's contentions are that the award of $15,000 was grossly excessive, constituted an arbitrary abuse of discretion, and was predicated primarily upon his ability to pay. These contentions are without merit.

In determining the amount of a reasonable fee the trial court is permitted to consider various factors: The nature of the litigation, its complexity, the nature and extent of the contest, the amount involved, the financial circumstances of the parties, the skill required, the professional standing and reputation of the husband's attorneys and of the attorneys selected by the wife, are some of the relevant matters to be considered. (*Warner* v. *Warner*, 34 Cal.2d 838 [215 P.2d 20]; *Berry* v. *Chaplin*, 74 Cal.App.2d 669 [169 P.2d 453]; *Deberry* v. *Cavalier*, 113 Cal.App. 30 [297 P. 611]; *Tasker* v. *Cochrane*, 94 Cal.App. 361 [271 P. 503].)

The trial court is not required to disregard entirely the financial status of the husband and his ability to pay in

fixing the amount of fees. (*Heck* v. *Heck*, 63 Cal.App.2d 470 [147 P.2d 110]; *Whiting* v. *Whiting*, 62 Cal.App. 157 [216 P. 92]; see annotation 35 A.L.R. 1099.) Where the husband possesses great wealth he has the ability to secure the services of able counsel. The allowance to the wife must give her the power to hire counsel of equal standing in order to equalize the contest, and to protect her rights.

The nature of the litigation and its complexity have already been discussed. Something should be said about the amount involved. The divorce judgment awarded the wife $100,000 cash as her share of the community. In addition, it awarded to her $2,000 a month alimony, payable until her death or remarriage. Considering her then age and life expectancy, this alimony amounted prospectively to about $600,000 payable to her over a 25-year period. Thus, her attorneys were called upon to defend a judgment worth about $700,000 to the wife.

The husband cites some cases where the orders fixing attorneys' fees in divorce actions in amounts much less than the $15,000 here involved were either reduced or reversed. These cases are of little assistance, except in a most general way, in determining the propriety of the amount of the allowance in the present case. Obviously, the factors involved differ in each case. Certainly, neither the trial nor appellate courts should attempt to fix a flat fee identical in all cases. Such an approach would be unrealistic, unsound, and unjustified.

When all of the relevant factors are considered, and keeping in mind that an abuse of discretion is never presumed but must be proved by the party asserting it (*Berry* v. *Chaplin*, 74 Cal.App.2d 669 [169 P.2d 453]), it is quite apparent that appellant has fallen far short of showing an abuse of discretion in the present case.

The order appealed from is affirmed.

Bray, J., and Wood (Fred B.), J., concurred.