[Civ. No. 19043.   Second Dist., Div. Two.   July 18, 1952.]

DORIS K. MARKS, Appellant, v. THOMAS N. MARKS, Respondent.

H. W. Funke for Appellant.

Everett L. Miller for Respondent.

MOORE, P. J.—By an interlocutory decree of divorce entered in favor of plaintiff on December 1, 1950, it was ordered that defendant pay to plaintiff for her support $65 per month.   It provided further that "commencing November 30, 1950, and continuing thereafter for the period of one year only, excepting that plaintiff may request the Court to continue support payments for a longer period of time for sufficient cause, and that the request for such extension must be made on or before October 30, 1951, and should plaintiff

fail to make said request within said time that all support for plaintiff is automatically to cease and terminate." While the order was based upon a property settlement agreement executed by the parties such agreement was not incorporated in the decree by reference or otherwise. The only indication in the judgment of such contract is the statement: "a property settlement agreement was introduced in evidence and was approved."

On October 22, 1951, plaintiff instituted proceedings for the purpose of obtaining such a modification of the decree as would require respondent to continue the support payments beyond the termination date fixed in the decree. Such relief having been denied, the wife now appeals from the order of denial. ▮ The question for decision is whether the trial court abused its discretion by its denial of such relief. Appellant contends that she is physically unfit to support herself by reason of the chronic rheumatoid arthritis from which she suffers. It is argued that respondent consented to make support payments for his wife as provided in the property settlement agreement because of plaintiff's poor health and her resulting inability to work at full-time employment; that it was the intention of the parties for the alimony payments to continue until plaintiff's physical condition improved or until her remarriage; that since her condition has not improved there is necessarily "sufficient cause" for extending the payments.

Neither the decree nor the property settlement contract contains a provision that respondent will continue support payments until plaintiff's physical condition improved. On the contrary, the latter instrument provides only for the maintenance of appellant for one year. Then follows a possible limitation on the termination, provided appellant can sustain the burden of demonstrating that "sufficient cause" is present justifying such extension. If an improvement in appellant's health had been required as a basis for a termination of respondent's obligation, it would have been reasonably logical and certainly a simple task for the parties so to state in their agreement.

Appellant's testimony revealed that though she still suffers from her long-standing arthritic condition, she is nevertheless able to work half-days as a bookkeeper for which she is paid $95 per month. Also, she receives additional income from leasing two rooms in her home and a third roomer assisted with labors about the house in return for lodging. Appellant

testified also that "a good bit of the time" she and her daughter take their meals at the home of appellant's mother which indirectly aided her financially. In addition to all the foregoing, appellant receives $50 per month from respondent for support of the couple's 11-year-old daughter.

Appellant's personal physician testified that Mrs. Marks can "do light work all the time" and some type of work at home, though she was probably not able to handle regular employment on a full-time basis. He testified also that she no longer was being treated with the drug cortisone since her "symptoms improved sufficiently . . . and probably for economic reasons . . ." and that with treatment there might be a possibility of Mrs. Marks' making a radical improvement.

Based on such evidence, it cannot be said that the trial court has abused its discretion in denying modification of the prior support order. Neither the proof presented nor the interlocutory judgment, viewed in the light of the property settlement agreement, necessarily required the court to grant the relief sought by appellant. An abuse of discretion is never presumed but must be clearly demonstrated by the party making such assertion. (*Pope* v. *Pope,* 107 Cal.App.2d 537, 540 [237 P.2d 312].)

Order affirmed.

McComb, J., and Fox, J., concurred.