Filed 4/28/25  Baxter v. Hemphill CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| GAIL BAXTER, | C100977 |
| Plaintiff and Respondent, | (Super. Ct. No. 23FL-000622) |
| v. | |
| CLARENCE HEMPHILL, | |
| Defendant and Appellant. | |

Clarence Hemphill appeals from an order awarding him $1,250 in attorney fees, rather than the full $6,175 he requested.  Hemphill fails to overcome the presumption the order is correct, and we thus affirm.

## BACKGROUND

We have very little information about the underlying action because the record on appeal is sparse.  Much of the information we have about the underlying case comes solely from Hemphill's opening brief rather than from the record on appeal.  Although the

1

opening brief references a motion to augment the record, no such motion was filed.[1]  "It is axiomatic that the unsworn statements of counsel [made in a brief] are not evidence." (*In re Zeth S.* (2003) 31 Cal.4th 396, 414, fn. 11; see also *Acqua Vista Homeowners Assn. v. MWI, Inc.* (2017) 7 Cal.App.5th 1129, 1158, fn. 43 [statements made by counsel "clearly do not constitute *evidence*"].)

From the record we do have, it appears that Gail Baxter filed a request for an elder abuse restraining order against Hemphill on October 5, 2023; the request is not part of the record.  (We note such requests are governed by Welf. & Inst. Code, § 15657.03, which is part of the Elder Abuse and Dependent Adult Civil Protection Act).  The court issued a temporary restraining order and scheduled a hearing for October 23, and Hemphill filed a response prior to the hearing; the temporary restraining order and the response were also not included by either party in our record.  A hearing was held on October 23 and the matter was continued to November 6.[2]

---

[1]     While Hemphill initially attempted to file his opening brief and a motion to augment the record on July 29, 2024, both were subsequently rejected by the court. Hemphill then attempted to resubmit only his opening brief on November 19, 2024, and November 26, 2024, and again, both times they were rejected.  Hemphill was finally successfully in filing his opening brief on December 17, 2024, but did not include a motion to augment and never presented such motion for filing after July 29, 2024.  Thus, any materials that were to be included in the motion to augment are not part of the appellate record.

[2]     According to the Hemphill's opening brief, the court noted at the October 23 hearing that the current request for an elder abuse restraining order appeared similar to a prior request Baxter had filed, and it cautioned her she could be subject to attorney fees if she did not prevail.  Baxter stated Hemphill had done new things since the prior request. Hemphill requested a continuance to retain counsel, and the hearing was continued to November 6.  Hemphill also spends several pages in his opening brief describing Baxter's prior request.  Again, statements made by counsel in a brief without support in the record provided to us are not evidence and are not properly considered by us.  (*In re Zeth S.*, *supra*, 31 Cal.4th at p. 414, fn. 11.)

2

According to the clerk's minutes of the November 6 hearing, Baxter did not appear, and Hemphill appeared with attorney Nathan Dondi, who "advised the Court that he [was] substituting into this matter." Presumably because Baxter did not appear at the hearing, the court dissolved the temporary restraining order and dismissed the case.

After the case was dismissed, Hemphill filed a motion for attorney fees. The motion is not part of the record. Hemphill states in his brief that the motion was filed "pursuant to Welfare and Institutions Code section 15657.03, subdivision (t),"[3] and that he sought "fees in the amount of $6,175.00 for 18.50 hours of work performed at a rate of $350.00 per hour by his counsel."[4]

Baxter's opposition is in the record, and she argued (1) she was not on notice Hemphill had retained an attorney until after the November 6 hearing at which the court summarily dismissed the case due to her nonappearance, and (2) the fees sought were excessive for such a simple case.

A short hearing on the fee motion was held on February 5. Hemphill's counsel submitted on the pleadings. In its ruling, the trial court stated the motion "somewhat shocks the conscience" because counsel spent four and a half hours preparing for and attending the hearing on the request for a restraining order, and an additional 14 hours preparing the motion for attorney fees. The court stated it was "wholly inappropriate" to incur such substantial fees preparing what should have been "a simple motion." It found Hemphill was entitled to some attorney fees, but the fees incurred "shouldn't have exceeded five hours." It also found Dondi's experience did not warrant $350 an hour,

---

[3]     Welfare and Institutions Code section 15657.03, subdivision (t), provides, "The prevailing party in an action brought under this section may be awarded court costs and attorney's fees, if any."

[4]     We note that 18.5 hours multiplied by $350 per hour is $6,475, not $6,175.

and "$250 is probably more than what it should be."  It thus "set attorney's fees in the amount of $1,250," (i.e., five hours multiplied by $250 an hour).

The trial court thereafter entered an order awarding Hemphill $1,250 in attorney fees, and Hemphill filed a timely notice of appeal.

## DISCUSSION

Hemphill argues the trial court abused its discretion by failing to follow the lodestar adjustment method—i.e., calculating " 'the number of hours reasonably expended multiplied by a reasonable hourly rate' " and then " 'adjust[ing]' " that figure upward or downward " 'based on consideration of factors specific to the case, in order to fix the fee at the fair market value for the legal services provided.' " (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1134.)  Here, however, the record establishes the trial court did use the lodestar method—it effectively found the number of hours reasonably expended was five, and a reasonable hourly rate was $250, and it thus awarded Hemphill $1,250 in attorney fees.  What Hemphill really complains about is that the trial court did not award the full amount of fees requested.

"A trial court's determination of the amount of attorney fees to award is reviewed for an abuse of discretion."  (*Gutierrez v. Chopard USA Ltd.* (2022) 82 Cal.App.5th 383, 392-393.)  " ' "[A]n experienced trial judge is in a much better position than an appellate court to assess the value of the legal services rendered in his or her court, and the amount of a fee awarded by such a judge will therefore not be set aside on appeal absent a showing that it is manifestly excessive [or inadequate] in the circumstances."  [Citation.] "The only proper basis of reversal of the amount of an attorney fees award is if the amount awarded is so large or small that it shocks the conscience and suggests that passion and prejudice influenced the determination." ' "  (*Faton v. Ahmedo* (2015) 236 Cal.App.4th 1160, 1173; see also *Serrano v. Priest* (1977) 20 Cal.3d 25, 49 ["The 'experienced trial judge is the best judge of the value of professional services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed

4

unless the appellate court is convinced that it is clearly wrong' "].)  "We presume the fee approved by the trial court is reasonable.  We will not disturb the trial court's judgment unless it is clearly wrong.  The burden is on the objector to show error." (*Karton v. Ari Design & Construction, Inc.* (2021) 61 Cal.App.5th 734, 743.)  And again:  "[A]n abuse of discretion is never presumed but must be proved by the party asserting it."  (*Pope v. Pope* (1951) 107 Cal.App.2d 537, 540.)  And again:  " 'A judgment or order of the lower court is *presumed correct.*  All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  Finally, and importantly, "As the party challenging the fee award, [Hemphill] has the affirmative obligation to provide an adequate record so that we may assess whether the trial court abused its discretion; failure to do so may result in affirmance." (*Gutierrez*, at p. 393; see also *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296 ["It is the burden of the party challenging the fee award on appeal to provide an adequate record to assess error.  [Citations.] . . . [Citations.]  Because they failed to furnish an adequate record of the attorney fee proceedings, defendants' claim must be resolved against them"].)  Hemphill fails to meet his burden of proving the trial court abused its discretion.

As we have stated, Hemphill sought a total of $6,175 in fees for 18.5 hours of work at a rate of $350 an hour.  The trial court reduced the hourly rate to $250.  Hemphill never mentions this reduction, much less meets his burden of demonstrating the trial court abused its discretion in effectively determining $250 was a " 'reasonable hourly rate.' "  (*Ketchum v. Moses*, *supra*, 24 Cal.4th at p. 1134.)

The trial court also effectively determined " 'the number of hours *reasonably* expended' " (*Ketchum v. Moses*, *supra*, 24 Cal.4th at p. 1134, italics added) on this case was five rather than 18.5.  Hemphill's primary complaint about this reduction is that it ignores the fact that his attorney spent 14 hours preparing "a nearly flawless, 145-page motion for attorney's fees."  We have no way of knowing whether the motion was nearly

flawless or whether 145 pages was excessive because the motion is not part of the record on appeal.

Based on the limited record that is before us, we cannot say that a $1,250 fee award is either " ' "manifestly [inadequate] in the circumstances" ' " of this case, or " ' "so . . . small that it shocks the conscience." ' " (*Faton v. Ahmedo*, *supra*, 236 Cal.App.4th at p. 1173.)

## DISPOSITION

The order awarding attorney fees is affirmed. Baxter is awarded her costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)


/s/<br>
EARL, P. J.

We concur:


/s/<br>
DUARTE, J.


/s/<br>
BOULWARE EURIE, J.