[Civ. No. 19858.   Second Dist., Div. One.   Feb. 3, 1954.]

ARTHUR E. LOGAN, Respondent, v. LORRAINE FORSTER et al., Appellants.

Alfred S. Chapman and Wallace & Cashin for Appellants.

B. R. Ware for Respondent.

DRAPEAU, J.—On February 5, 1953, a remittitur was filed in superior court case No. 566590 between the parties hereto, in which it was ordered that respondents therein (defendants Forster and Steinike) should recover their costs on appeal.

Thereafter said Forster and Steinike filed their memorandum of costs and disbursements on appeal amounting to $574.60. Plaintiff Logan filed notice of motion to have such costs retaxed by striking from the memorandum items 26 and 27. This motion was granted and the two items, i.e., 26 and 27 for $209.90 and $27.40 paid by Forster and Steinike for the cost of reporter's and clerk's transcripts, respectively, were deleted from the memorandum, thus reducing costs to $337.30.

Defendants appeal from the order which followed.

■ The question presented by this appeal is stated by appellants as follows:

"Where the remittitur provides that the *successful* party will recover his costs on appeal, may that party recover the costs for a Reporter's Transcript and a Clerk's Transcript paid for by said party?"

The instant motion to retax costs was made upon the ground that items 26 and 27 of defendants' memorandum were not legally chargeable, were not necessary disbursements and were not necessarily incurred.

The affidavit in opposition to the motion recites: "That it was necessary for respondents to have a copy of the Reporter's Transcript in order to properly prepare a reply brief on appeal, and it was also necessary to have a copy of the Clerk's Transcript.

"That had appellant provided a copy of the Reporter's Transcript and a copy of the Clerk's Transcript for use by respondents, they would not have had to order and pay for the same."

Section 1034, Code of Civil Procedure, provides that on an appeal from the superior court, costs shall be awarded as provided by the rules adopted by the judicial council.

Rule 26(c) of Rules on Appeal, as amended, effective January 1, 1951 (36 Cal.2d 23), reads: "The party to whom costs are awarded may recover *only* the following, when ac-

tually incurred: (1) The cost of preparation of an original and one copy of any type of record on appeal *authorized by these rules.*"

Rules 4(d) and 5(d) require that the reporter and the clerk shall respectively prepare and file with the clerk of the superior court, an original and one copy of the reporter's and clerk's transcripts, within 30 days after *appellant* has arranged for payment thereof.

Rule 10(a) provides for transmission of original transcripts to the reviewing court.

And Rule 10(c) reads: "(*Use of Copies*) The additional copy of the record required by these rules shall be made available for the use of the parties to the appeal in such manner as the judge, or the clerk under his direction, shall prescribe; provided that the parties may stipulate to its use, and in such event only the original need be filed with the clerk of the superior court."

In *Cartwright* v. *Superior Court*, 98 Cal.App.2d 300, 303 [219 P.2d 862], the petitioner Cartwright appealed from a judgment of the Superior Court of Los Angeles County and duly made request for preparation of reporter's and clerk's transcripts on appeal. He willingly paid fees for the original transcripts, but under protest paid for the copies thereof. He then proceeded in mandamus to recover the sums paid under protest. This court in denying the writ, referred to Rule 10(c), *supra,* as follows:

"The rule permits the parties appellant and respondent access to, and use of one copy of the reporter's transcript on appeal. It requires the appealing party to pay for the original and one copy. If he is successful on his appeal, of course, the expense may be taxed as costs.

"In effect this is a saving to litigants, because otherwise both parties would ordinarily have to have and to pay for a copy of the transcript. Thus one copy serves the place of two."

Since copies of the reporter's and clerk's transcripts required to be paid for by the appealing party are made available to the prevailing party, the items struck from the instant memorandum were not necessarily incurred. The trial court properly followed the rules.

The order is affirmed.

White, P. J., and Doran, J., concurred.