[Civ. No. 26432. Second Dist., Div. Two. Mar. 5, 1963.]

ESCROW GUARANTEE COMPANY, Plaintiff and Respondent, v. WYNNE A. SAVAGE, as Real Estate Commissioner, Defendant and Appellant.

596

Stanley Mosk, Attorney General, and Paul N. Wenger, Deputy Attorney General, for Defendant and Appellant.

Bernard A. Neches for Plaintiff and Respondent.

HERNDON, J.—This appeal is taken by Wynne A. Savage, Real Estate Commissioner of the State of California, from an order denying his motion to tax costs. The appeal is presented upon a settled statement, wherein the determinative issue is stated as follows:

"The sole ground of said motion and of this appeal is [appellant's] contention that the cost of $546.80 for carbon copies for petitioner's office use, of the transcripts and petitioner's office copies of documents filed in said proceedings, all of which copies were kept exclusively in the custody of petitioner's attorney and used exclusively by said attorney in his preparation of petitioner's case, is not legally chargeable as an item of costs and is not a necessary disbursement as defined by law."

Pursuant to various administrative proceedings, the real estate broker's license of the Escrow Guarantee Company, hereinafter referred to as "petitioner," was ordered revoked by the Real Estate Commissioner of the State of California Petitioner sought a writ of mandate praying that said order of revocation be vacated and that its license be reinstated. Pursuant to Code of Civil Procedure, section 1094.5 subdivision (a), transcripts of the administrative proceedings and copies of certain documents filed therein were filed with said petition for writ of mandate; at the same time, petitioner ordered and paid for an office copy of said transcripts and documents. Petitioner was granted its writ and a judgment for costs. The cost of the original copy of the transcript was $1,268.85 which is not in dispute and has been paid by appellant. The cost of the carbon copy of the transcript is $546.80, which is disputed as to chargeability as an item of costs and has not been paid. Such copy of the transcript was kept at

the office of the attorney for petitioner at all times during the pendency of the matter and was used exclusively by him in his preparation of petitioner's case.

Appellant had prepared and used his own copy of the transcript. No order was ever made, nor did appellant ever request or demand, that petitioner's copy of the transcript be made available for appellant's use. At the inception of the matter, in August of 1954, petitioner's attorney verbally inquired of appellant's then attorney as to whether or not appellant desired to use petitioner's copy of the transcript and offered to make the same available. Petitioner's copy of the transcript was available for appellant's use at all times during the pendency of the matter had appellant made request for use of said copy.

As correctly noted by appellant, it is clear that "the right to reimbursement for expenses depends upon the statutory provisions concerning costs and not upon the necessity, in the mind of the litigant, or his counsel, for the outlay." (*Moss* v. *Underwriters' Report, Inc.*, 12 Cal.2d 266, 275 [83 P.2d 503].)

It is likewise clear that under the express terms of section 1095[1] of the California Code of Civil Procedure a successful applicant may, in the discretion of the court, recover the damages which he has sustained together with costs. (*Miles California Co.* v. *Hawkins*, 175 Cal.App.2d 162, 164 [345 P.2d 492].) However, even when costs are allowed under this section, " 'The term "costs" means those fees and charges which are required by law to be paid to the courts or some of their officers, or the amount of which is expressly fixed by law'. . . . 'The right to recover costs exists solely by virtue of statute. Consequently an award of costs can be justified only if permitted by some statutory provision, and the measure of the statute is the measure of the right.' " (*Agnew* v. *Cronin*, 167 Cal.App.2d 154, 157 [334 P.2d 256].)

Section 1094.5 of the California Code of Civil Procedure regulating inquiry into the validity of administrative orders or decisions by writ of mandate provides, in pertinent part: "(a) . . . All or part of the record of the proceedings before the inferior tribunal, corporation, board or officer may

---

[1]Section 1095 of the Code of Civil Procedure provides in part: "If judgment be given for the applicant, he may recover the damages which he has sustained, as found by the jury, or as may be determined by the court or referee, upon a reference to be ordered, together with costs; . . ."

be filed with the petition, may be filed with respondent's points and authorities or may be ordered to be filed by the court. *If the expense of preparing all or any part of the record has been borne by the prevailing party, such expense shall be taxable as costs.*" (Italics added.) (Cf. *Moran* v. *Board of Medical Examiners,* 32 Cal.2d 301, 315 [196 P.2d 20].)

In passing upon the propriety of allowing a prevailing respondent in this type of mandate proceeding to recover the amount expended for a copy of the record by way of costs, the court in *Cooper* v. *State Board of Public Health,* 102 Cal.App.2d 926, 933 [229 P.2d 27], stated: "We think it patent that the statute [section 1094.5] refers to the record of the proceeding filed in the superior court and not to a copy of the record obtained for the use of counsel. The record of the proceedings before the board filed in the superior court in the present case was provided and paid for by petitioner. It has been said that he who would claim costs must put his finger on a statute which awards the same. [Citations.] There is no statutory authorization for the item claimed as costs."

Respondent, the petitioner herein, seeking to avoid the express language of section 1094.5 and the application thereof in the *Cooper* case, urges that if we correlate sections 1027[2] and 1034[3] of the Code of Civil Procedure and rule 26(c) (1)*[4] of the California Rules of Court, the result must be a determination that in addition to the mandatory item of costs specified in section 1094.5, the more general term "costs" as used in section 1095 include a copy of the original record filed in the proceeding. There is, of course, authority for such a correlation. In *Union Trust Co.* v. *Superior Court,* 13 Cal.2d 541, 543-545 [90 P.2d 582], our Supreme Court, in considering whether or not a prevailing respondent would be entitled to costs under section 1095 stated:

---

[2]Section 1027, Code of Civil Procedure, provides in part: "When the decision of a court of inferior jurisdiction in a special proceeding is brought before a court of higher jurisdiction for a review, in any other way than by appeal, the same costs must be allowed as in cases on appeal, . . ."

[3]Section 1034, Code of Civil Procedure, provides in part: "In appeals from the superior and municipal courts, costs shall be awarded as provided in rules adopted by the Judicial Council. . . ."

[4]California Rules of Court, rule 26(c) provides in part: "The party to whom costs are awarded may recover only the following, when actually incurred: (1) The cost of preparation of an original and one copy of any type of record on appeal *authorized by these rules,* . . ." (Italics added.)

*Formerly Rules on Appeal, rule 26(c)(1).

"It is to be observed that section 1095 of the Code of Civil Procedure purports to authorize the awarding of costs to the prevailing respondent, pursuant to sections 1027, 1034 and 1110 of the Code of Civil Procedure, is likewise entitled to costs, . . . Part three, title one, of the Code of Civil Procedure, relates to the special proceedings of review, mandate and prohibition. Chapter V of that title provides in section 1109 that, except as otherwise provided in that title, the provisions of part two of the same code are applicable to and constitute the rules of practice in the proceedings mentioned in the title, and in section 1110, that 'the provisions of part two of this code relative to new trials and appeals, except in so far as they are inconsistent with the provisions of this title, apply to the proceedings mentioned in this title.' "

However, we have concluded that a reading of the rules and statutory provisions, relied upon by respondent, does not lead to the result for which it here contends. Prior to 1939, copies of transcripts filed upon appeal were not recoverable items of costs. See *Wilson* v. *Nichols,* 55 Cal.App.2d 678, 682 [131 P.2d 596], for a discussion of the legislative change then made. It made payment for a copy of the transcripts by the appellant mandatory in order to perfect his appeal and provided that such copy should remain in the clerk's office available for the use of both parties. (See Cal. Rules of Court, rules 4(c)[5], 4(d)[6] and 10(c)[7*] superseding former sections of the Code of Civil Procedure.)

[5]California Court Rule 4(c) provides: "The notice given by the appellant under the foregoing provisions of this rule shall not be effective for any purpose unless, within 10 days after notification from the clerk of his estimate of the cost of preparing the reporter's transcript as designated by the notices of the parties, or within 10 days after being notified directly by the reporter, the appellant shall either deposit with the clerk an amount of cash equal to the estimated cost with directions to apply the same to the fees of the reporter or file with the clerk a waiver of such deposit signed by the reporter. When the appellant has complied with the provisions hereof, the clerk shall forthwith direct the reporter to prepare the reporter's transcript in accordance with the notices of the parties."

[6]California Court Rule 4(d) provides in part: "Within 30 days after direction from the clerk or the receipt of the fees from the appellant the reporter shall complete and file with the clerk an original and one copy of the reporter's transcript as directed, and certify the same as correct. . . ."

[7]California Court Rule 10(c) provides: "The additional copy of the record required by these rules shall be made available for the use of the parties to the appeal in such manner as the judge, or the clerk under his direction, shall prescribe; provided that the parties may stipulate to its use, and in such event only the original need be filed with the clerk of the superior court."

*Formerly Rules on Appeal, rules 4(c), 4(d) and 10(c).

The mandatory aspects of this change were upheld in *Cartwright* v. *Superior Court,* 98 Cal.App.2d 300, 302-303 [219 P.2d 862]. (Hearing denied by the Supreme Court August 31, 1950.) *The court, in its opinion, stated at page 303:* "The rule permits the parties appellant and respondent access to, and use of one copy of the reporter's transcript on appeal. It required the appealing party to pay for the original and one copy. If he is successful on his appeal, of course, the expense may be taxed as costs. In effect this is a saving to litigants, because otherwise both parties would ordinarily have to have and to pay for a copy of the transcript. Thus one copy serves the place of two."

This change, however, does not extend to the cost of copies obtained for the private use of the parties. (*Logan* v. *Forster,* 123 Cal.App.2d 31, 33 [265 P.2d 961]; *Beresford* v. *Pacific Gas & Elec. Co.,* 128 Cal.App.2d 448, 449 [275 P.2d 525].)

Section 1094.5, regulating the record to be filed in the instant mandate proceeding, does not require that a petitioner pay for a copy of the record and that such copy be left with the clerk for use by both parties. It is apparent that the Legislature has not yet determined that the rules regulating appeals in this respect should be extended to apply to special proceedings such as the instant one.

The order denying appellant's motion to tax costs is reversed.

Fox, P. J., and Ashburn, J., concurred.