[Civ. No. 27475. Second Dist., Div. One. Dec. 23, 1963.]

DOROTHY M. DONOVAN, Plaintiff and Respondent, v. DOUGLAS DONOVAN, Defendant and Appellant.

Lloyd J. Seay for Defendant and Appellant.

Martin B. Berman and Joseph M. Wapner for Plaintiff and Respondent.

FOURT, J.—This is an appeal by the defendant husband from a separate order made after entry of the interlocutory judgment of divorce (wherein the plaintiff wife was granted costs and counsel fees on the appeal) and from an order denying the husband's motion for leave to sell personal property (the three horses of the parties).

On March 11, 1963, there was filed a notice of motion on the part of the wife's counsel that the wife would seek an order directing the husband to pay the wife's costs on appeal

and to award the wife's counsel fees to resist the appeal taken by the husband. The motion was made upon the ground that the wife had no funds with which to defend the appeal.

The husband filed on March 13, 1963, a notice of motion for leave to sell the three horses, two of which were with foal, the horse trailer, feed and pertinent equipment. The declaration of the husband in connection with such matters set forth that the horses had been ordered sold in the interlocutory judgment of February 13, 1963, that the feed bill was a considerable amount and to continue with the horses would result in depletion of the assets of the community, that money was deperately needed to pay delinquent taxes, attorneys' fees and other items, that the sale would result in a return of approximately $8,400 if such horses and items were sold as requested by the husband.

The motions were heard on March 18, 1963, at which time the court ordered the husband to pay directly to counsel for the wife the sum of $300 as costs on the appeal and $1,500 attorney's fees. ▉ With reference to the motion of the husband for an order authorizing him to sell and dispose of personal property (the court denied the order) "based upon the fact that plaintiff will file an affidavit that she is endeavoring to sell the horses."

There is no transcript before this court of the testimony taken at the hearing on the motions. Apparently the wife was not even in court at the time of the hearing and the statement is made in the husband's brief that the judge denied his motion upon the statement of the wife's counsel that the wife would, within due time, file an affidavit to the effect that she was endeavoring to sell the horses. There was nothing in the original decree of divorce providing that the wife should have the exclusive power to sell the horses.

The original superior court file which we have caused to be brought to this court shows that as of the date of the oral argument no affidavit has ever been filed by the wife with reference to the matter in question. Counsel at the oral argument stated that no sale had ever been made. It would seem to be axiomatic that an order under the circumstances should not be based upon statements of counsel for a wife that the wife will in due time file an affidavit. The most that the attorney could represent or say to the judge with reference to this matter was hearsay at best.

No real purpose is to be served however by reversing that

particular order for it was necessary under the circumstances in the first appeal in this matter in effect to direct the trial court to ascertain and determine what should be done with reference to disposing of several items of the properties, including the horses. However, to the end that a disposition may be made of the contentions we shall reverse the order so made.

The making of the order awarding attorneys' fees and costs to the wife is largely discretionary. Appellant makes no legal showing to the effect that the court abused its discretion. The amounts do not seem to be excessive to an extent that would evidence an abuse of discretion considering the entire matter and all that is involved.

The order with reference to selling the horses is reversed.

The order with reference to the payment of attorneys' fees and costs on the appeal is affirmed.

Wood, P. J., and Lillie, J., concurred.