[Civ. No. 34148.  Second Dist., Div. One.  Nov. 20, 1969.]

STEFANIE SMITH, Plaintiff and Appellant, v.
GEORGE ALDERSON SMITH, Defendant and Respondent.

**COUNSEL**

Eugene F. Moore and Edward L. Lascher for Plaintiff and Appellant.

Gerald Schatz and Jeffrey K. Oria for Defendant and Respondent.

**OPINION**

**LILLIE, J.**—In 1966 plaintiff and appellant herein, former wife of defendant and respondent, filed three appeals, all consolidated in this court.[1] The first, No. 30484, was an appeal from order of November 1, 1965, in favor of defendant on plaintiff's order to show cause to determine amount of arrearage in child support payments for 10 years past; the order was affirmed. The second, No. 31386, was an appeal from order of July 5, 1966, denying plaintiff's application for attorney's fee and costs on the first appeal (No. 30484); the order was reversed. The third, No. 31894, was an appeal from order of September 7, 1966, that plaintiff pay defendant's attorney's fees in the sum of $300 and costs on account of her second appeal (No. 31386); the order was reversed. Upon issuance of remittitur it contained the following order: "Costs to prevailing party."

Thereafter, plaintiff filed her memorandum of costs on appeal claiming $730.66, later reduced by her to $438.74; defendant countered with notice of motion to tax costs.[2] He also filed memorandum of costs on appeal claiming a total of $152.53—filing fees, $13.50, preparation of record on appeal, $27.80, and printing of briefs, $111.23; plaintiff countered with motion to strike or to tax cost bill on the ground the court lacked jurisdiction to award defendant costs on appeal and two of the items are not

---

[1] *Smith* v. *Smith,* 2d Civ. 30484, 31386 and 31389; unpublished opinion filed February 5, 1968.

[2] The motion was ordered off calendar for defendant's failure to appear at the time it was called for hearing; this motion is not involved herein.

proper. Following this plaintiff filed notice of motion for award of attorneys' fees and costs and declaration of Edward L. Lascher, one of her counsel, in support thereof asking for (1) $291.92 "by way of costs expended by them in connection with appeal in Second Civil No. 30484"; and based on $35 an hour (2) $1,540.00 for 44 hours work on her first appeal (No. 30484), (3) $703.50 for 20.1 hours of work on her second and third appeals (Nos. 31386, 31894), (4) $300 for services rendered in the trial court in connection which the proceedings which led to the orders reversed in appeals Nos. 31386 and 31894, and (5) $150 for services and costs in connection with this motion, or a total of $2,710.45. In a further declaration Lascher meticulously set up his background, education and experience.

In opposition to the motion, in his memorandum of points and authorities, defendant was critical of the caliber of services rendered by Lascher in representing his client on the first appeal, asserted that he was unsuccessful therein and suggested that Lascher's services were worth no more than $300. In his opposing declaration defendant's counsel, Gerald Schatz, alleged that for the past 15 years defendant has done everything required of him in regard to child support "and has already expended in excess of $1,500.00 for fees and costs in estabishing this fact at both the trial level and appeal level." Defendant in his declaration asserted that he is married and living with his wife and has a minor son 4½ years old, is a high school mathematics teacher with a net pay of $10,850 for 10 pay checks, expects to receive an additional $900 payable in August for summer session and has paid child support punctually as ordered by the court and later agreed by the parties; and at the time of trial plaintiff was unemployed, divorced from her second husband and received no alimony, is now gainfully employed and for one year has been married to her co-counsel, Eugene F. Moore, also attorney of record herein.

After a consideration of the moving papers and all declarations in support of and in opposition thereto, the court on July 16, 1968, made the following order: "Plaintiff's motion to strike or to tax cost bill is denied. Plaintiff's motion for attorney's fees is granted in the total sum of $450 payable forthwith." Plaintiff appeals from the order.

Following the issuance of the remittitur, plaintiff filed memorandum of costs on appeal claiming $730.66. Defendant countered with notice of motion to tax costs on the ground that the amount claimed by plaintiff ($730.66) included costs expended by her on all three appeals and since she did not prevail on the first (No. 30484) she is not entitled to costs thereon; and as the prevailing party on the first appeal (No. 30484) filed his memorandum of costs on that appeal claiming $152.53, to which

plaintiff filed her notice of motion to strike or to tax cost bill. Shortly thereafter plaintiff reduced the amount of her $730.66 claim to $438.74; clearly the amount of $438.74 represented her costs on only the two appeals (Nos. 31386, 31894) in which she was successful, for at the same time she alleged the difference, $291.92, "by way of costs expended by [her] in connection with appeal in Second Civil No. 30484" in her motion for award of attorneys' fees and court costs.[3] Apparently because of plaintiff's reduction of the costs originally claimed by her eliminating those expended in connection with the first appeal (No. 30484), defendant permitted his motion to tax costs to go off calendar thus costs allowed to plaintiff were only those expended in connection with the second and third appeals. By the denial of plaintiff's motion to strike or to tax cost bill the trial court allowed to defendant as the prevailing party his costs expended on the first appeal in the amount of $152.53; and by granting "plaintiff's motion for attorney's fees" in the total sum of $450, it denied her claim for $291.92 in costs expended on the first appeal. Thus, in the light of the foregoing it is not true, as represented by appellant, that "when the court denied the motion to tax the cost claimed by respondent it had already—four months earlier—allowed costs in the self-same appeal to appellant, by ordering off calendar respondent's motion to tax the costs"; that the superior court "took the rather ludicrous course of allowing both to recover those costs"; or that the court's order awarded $450 "in combined attorney's fees and costs for prosecuting three previous appeals to this court." According to the court's own order the $450 was awarded strictly as attorney's fees, and the record shows that this was an award for services rendered on the first appeal (No. 30484) and on the motion resulting in the order from which this appeal is taken.

■ There is no merit to appellant's claim that respondent is entitled to no costs on her first appeal (No. 30484). On the second appeal this court held that the trial court erred in denying plaintiff's application for reasonable allowance for costs and counsel fees on the first appeal; however, the cause was not remanded to the court below with directions, the order was simply reversed. Upon issuance of the remittitur the same contained the following order, "Costs to prevailing party," thus, there is a valid order or judgment awarding costs to the respondent on the first and main appeal, No. 30484. If then the items claimed are allowed by rule or by statute, they

---

[3]That $291.92 represents costs plaintiff expended on the first appeal (No. 30484) on which she did not prevail, is demonstrated by the following statement by this court in its opinion in *Smith* v. *Smith*, 2d Civil 30484, 31386 and 31894, in connection with the second appeal (No. 31386), that costs in the main appeal were incurred as follows: "For preparation of the reporter's transcript—$61; preparation of clerk's transcript—$27.90; filing fee $50; for printing of her opening brief, $153.02. The aggregate of these sums is $291.92" (Pp. 11-12.)

have been actually incurred and the amount claimed is reasonable, respondent is entitled to recover the same from plaintiff. (*Wilson* v. *Board of Retirement*, 176 Cal.App.2d 320, 323 [1 Cal.Rptr. 373].) As to the "filing fee" of $13.50 claimed by respondent, his counsel's canceled check and accompanying letter show that it was paid to the county clerk on August 2, 1966, in *Smith* v. *Smith*, LASC No. 411 369 "which represents an appearance fee by the defendant" in the Los Angeles Superior Court; respondent paid no filing fee in the Court of Appeal, thus this item is not properly allowable to respondent as a cost on appeal. Nor is the item of $27.80 allowable to respondent for preparation of record on appeal. The matter is settled by the Rules on Appeal, rule 26(c).[4] Initially the burden is on appellant to furnish at his own original cost an original record on appeal and a copy thereof. The copy is, under the rules, available for use of both parties. It is contemplated, therefore, by the rules that a second copy is not required and if obtained by respondent the cost of it cannot by him be charged as costs. (*Escrow Guar. Co.* v. *Savage,* 213 Cal.App.2d 595, 600 [28 Cal.Rptr. 889]; *Beresford* v. *Pacific Gas & Elec. Co.,* 128 Cal.App.2d 448, 449 [275 P.2d 525]; *Logan* v. *Forster,* 123 Cal.App.2d 31, 32-33 [265 P.2d 961].) The remaining item, $111.23 for printing of respondent's brief is allowable. Thus that part of the order allowing as costs the amounts expended by respondent herein for a filing fee in the superior court and to obtain a copy of the record on appeal cannot be sustained.

Appellant's position is that the second appeal (No. 31386) established her need for a reasonable attorney's fee and that respondent's ability to pay was reasonably inferable. However, it is noted that this only relates to the first appeal (No. 30484); further, that in the second appeal (No. 31386) this court simply reversed the trial court's order denying to plaintiff a fee allowance to permit her to prosecute her first appeal (No. 30484), it did not remand the cause to the trial court with directions as asserted by appellant. Nor as far as we can determine, from this court's opinion relative to each of the three appeals or on the record before us, is there any statement that reasonable attorney's fees in appeals Nos. 31386 and 31894 or in the proceedings in the trial court leading up to the orders reversed therein be allowed to appellant; thus, we consider the services rendered for appellant in connection with her first appeal (No. 30484) and the motion in the trial court resulting in the order from which this appeal is taken.

[4]Effective July 1, 1968, rule 26 (c), Rules on Appeal, was amended to provide: "The party to whom costs are awarded may recover only the following, when actually incurred: (1) the cost of preparation of an original and one copy of any type of record on appeal authorized by these rules if he is the appellant, or one copy of such record if he is the respondent. . . ."

■ The question of the reasonableness of the order for attorney's fees is addressed to the sound discretion of the trial court (*Modglin* v. *Modglin,* 246 Cal.App.2d 411, 415-416 [54 Cal.Rptr. 582]; *Donovan* v. *Donovan,* 223 Cal.App.2d 701, 702 [36 Cal.Rptr. 231]; *Zinke* v. *Zinke,* 212 Cal.App.2d 379, 385 [28 Cal.Rptr. 7]), and in the absence of a clear showing of abuse its determination will not be disturbed on appeal. (*Primm* v. *Primm,* 46 Cal.2d 690, 696 [299 P.2d 231]; *Wilder* v. *Wilder,* 214 Cal. 783, 785 [7 P.2d 1032].) ■ " 'Abuse of discretion is never presumed. It must be affirmatively established. ■ A reviewing court is not authorized to revise the lower court's judgment even if it should be of the opinion that it would have made a different award had the matter been submitted to its judgment in the first instance, in the absence of a clear abuse of discretion.' " (*Howard* v. *Howard,* 141 Cal.App.2d 233, 239 [296 P.2d 592].) "The discretion was the trial judge's, not ours; and we can only interfere if we find that under all the evidence, viewed most favorably in support of the trial court's action, no judge could reasonably have made the order that he did." (*Newbauer* v. *Newbauer,* 95 Cal.App.2d 36, 40 [212 P.2d 240]; *Zinke* v. *Zinke,* 212 Cal.App.2d 379, 384 [28 Cal.Rptr. 7].)

■ The trial judge who for some years past has presided in the domestic relations department, in fixing the amount of fee herein, had before him and considered, as stated in the order, the moving papers (which contained the opinion of this court in *Smith* v. *Smith*) and declarations in support thereof and in opposition thereto. ■ It is settled that a judge may rely upon his own experience and knowledge of the law practice, as well as on the facts and circumstances of the case as they appear from pleadings and other papers. (*Lipka* v. *Lipka,* 60 Cal.2d 472, 480 [35 Cal.Rptr. 71, 386 P.2d 671]; *Howard* v. *Howard,* 141 Cal.App.2d 233, 237 [296 P.2d 592].) ■ On both the trial and appellate levels appellant has cited cases in which orders fixing fees in amounts in excess of $450 were affirmed. These cases are of little assistance except in a most general way in pointing up the factors to be considered by the trial court in fixing a reasonable amount. Obviously the factors involved differ in each case and neither trial nor appellate courts should attempt to fix a flat fee identical in all cases. "Such an approach would be unrealistic, unsound, and unjustified." (*Pope* v. *Pope,* 107 Cal.App.2d 537, 540 [237 P.2d 312].) Too, legal charges in such cases are far from being standardized. (*Newbauer* v. *Newbauer,* 95 Cal.App.2d 36, 40 [212 P.2d 402].)

■ In addition to the financial circumstances of the defendant (*Howard* v. *Howard,* 141 Cal.App.2d 233, 238 [296 P.2d 592]; *Pope* v. *Pope,* 107 Cal.App.2d 537, 539 [237 P.2d 312]), there are numerous other factors the court must take into account in fixing a reasonable amount.

"The case of *Berry* v. *Chaplin* (1946) 74 Cal.App.2d 669, 679 [169 P.2d 453], summarizes the major factors to be considered in determining what constitutes a reasonable compensation for an attorney, namely, 'the nature of the litigation, its difficulty, the amount involved, the skill required and the skill employed in handling the litigation, the attention given, the success of the attorney's efforts, his learning, his age, and his experience in the particular type of work demanded [citation]; the intricacies and importance of the litigation, the labor and the necessity for skilled legal training and ability in trying the cause, and the time consumed.' " (*Hurst* v. *Hurst,* 227 Cal.App.2d 859, 871 [39 Cal.Rptr. 162].) ▮▮▮ Here the nature of the litigation giving rise to the first appeal, No. 30484, involved a determination on an order to show cause whether defendant was in arrears on child support payments, a case the opinion of this court fails to show to be either intricate or complicated. It was not a lengthy litigation and the issues appear to have been comparatively simple; the opinion reflects no difficult or involved appellate questions, certainly nothing requiring the services of an "appeals specialist." Moreover, counsel for appellant was not successful on the merits, the order having been affirmed. As to the attention given by her counsel to the main appeal, it may well be, in considering all of the circumstances, that the trial judge was of the opinion that much of the time spent by counsel was devoted to collecting his fees. (*Modglin* v. *Modglin,* 246 Cal.App.2d 411, 415-416 [54 Cal.Rptr. 582].) Too, the judge was entitled to take into account prior orders for fees previously made in the litigation (*Howard* v. *Howard,* 148 Cal.App.2d 755, 759 [307 P.2d 412]) and the amount of fees defendant already paid to his own counsel, as well as to plaintiff's. In his declaration in opposition to the motion, defense counsel asserted that defendant in order to establish the fact that he had done everything required of him in relation to child support for the past 15 years had already expended in excess of $1,500 for fees and costs at both the trial level and appeal level. It is respondent's claim that this amount encompasses costs and fees of the trial for plaintiff and defendant as well as costs and fees on appeal.

Appellant relies upon the statement of this court in the opinion in the second appeal, "The plaintiff's need seems to be adequately established and the defendant's ability to pay is reasonably inferable" as giving carte blanche to the trial court. The most that can be said for this statement is that this court found from the facts presented to the trial court in 1966 in connection with the order from which the appeal was taken that it could be inferred that defendant had the ability to pay a reasonable fee. In consideration of defendant's very moderate income, his expenses, what he has already paid in costs and attorney fees, the nature of the case, and other factors already mentioned, the court determined that $450 for services of

plaintiff's counsel on the first appeal and in connection with presenting the motion upon which the order was made from which this appeal is taken was reasonable. We cannot say that "no judge could reasonably have made the order. . . ." (*Newbauer v. Newbauer,* 95 Cal.App.2d 36, 40 [212 P.2d 240].) Appellant has failed to sustain her burden of showing a clear abuse of the trial court's discretion.

That portion of the order denying plaintiff's motion to strike and to tax cost bill insofar as it allows to defendant certain items listed in his memorandum of costs on appeal, "Filing fee, $13.50" and "Preparation of record on appeal, $27.80" is reversed; in all other respects the order is affirmed. Respondent to recover costs.

Wood, P. J., and Thompson, J., concurred.