[Civ. No. 61472. Second Dist., Div. Five. July 13, 1981.]

SANTA BARBARA COUNTY FIRE FIGHTERS, Plaintiff and Respondent, v.
COUNTY OF SANTA BARBARA et al., Defendants and Appellants.

COUNSEL

Kenneth L. Nelson, County Counsel, Robert D. Curiel, Chief Assistant County Counsel, and Paula Kimbrell, Deputy County Counsel, for Defendants and Appellants.

Davis, Cowell & Bowe, Alan C. Davis and Nancy S. Roberts for Plaintiff and Respondent.

OPINION

ASHBY, J.—Defendants County of Santa Barbara et al., appeal from an order partially granting the motion of plaintiff Santa Barbara County Fire Fighters to tax costs, such costs having been awarded to defendants in the remittitur affirming the judgment in *Santa Barbara County Firefighters* v. *County of Santa Barbara et al.*, 2d Civil No. 50421.

Plaintiff brought this action for injunction, mandate, damages, and other relief arising out of the parties' labor negotiations under the Meyers-Milias-Brown Act, Government Code section 3500 et seq. The trial court entered judgment for defendants.[1] Plaintiff appealed, and the judgment was affirmed.

As the successful respondents on that appeal, defendants were entitled to costs. (Cal. Rules of Court, rule 26(a).) Among the items of costs claimed by defendants in their memorandum of costs submitted to the trial court was the cost of one copy of the reporter's transcript on

---

[1]Defendants are the county, the county board of supervisors, and other county officials.

appeal, $719.25. Defendants submitted a declaration by the county auditor, with supporting documents, showing the payment of that amount for the reporter's transcript on appeal. Nevertheless the trial court denied that item of costs to defendants.

Defendants' entitlement to such costs is governed by rule 26(c), California Rules of Court, which provides in pertinent part: "The party to whom costs are awarded may recover only the following, when actually incurred: (1) the cost of preparation of an original and one copy of any type of record on appeal authorized by these rules if he is the appellant, *or one copy of such record if he is the respondent* ...." (Italics added.)

Plaintiff argues that a successful respondent is not entitled to the cost of purchasing its own copy of a reporter's transcript, since a respondent could use the extra copy of the reporter's transcript which an appellant is required to provide, under rules 4(d) and 10(e). Plaintiff misplaces reliance upon a line of cases which disallowed such costs to a respondent on that theory, prior to the July 1, 1968, amendment to rule 26(c). (*Logan* v. *Forster* (1954) 123 Cal.App.2d 31, 33 [265 P.2d 961]; *Beresford* v. *Pacific Gas & Elec. Co.* (1954) 128 Cal.App.2d 448, 449 [275 P.2d 525]; *Smith* v. *Smith* (1969) 1 Cal.App.3d 952, 957 [82 Cal.Rptr. 282].)

The 1968 amendment to rule 26(c) was intended to overcome this interpretation, by providing specifically that the prevailing respondent be entitled to the cost of preparation of one copy of any type of record on appeal authorized by the rules. (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 588, p. 4519; see *Smith* v. *Smith, supra*, 1 Cal.App.3d at p. 957 & fn. 4; Judicial Council of Cal., Annual Rep. (1969) p. 112; Amendments to Cal. Rules of Court, 68 Cal.2d 1, 2.)

The order taxing costs is modified to delete the language: "save and except Item 1, $719.25, for preparation of Record on Appeal—Reporter's Transcript." As so modified, the order is affirmed.

Stephens, Acting P. J., and Hastings, J., concurred.