Filed 3/13/14  P. v. Logan CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>GREGORY MORRELL LOGAN,<br><br>      Defendant and Appellant. | A137403<br><br>(Contra Costa County<br>Super. Ct. No. 1213768) |

Gregory Morrell Logan appeals his conviction for possessing methamphetamine with intent to sell on grounds that the evidence offered against him lacked proper foundation and elicited undue prejudice.  (Health & Saf. Code, § 11378; Evid. Code, §§ 403, subd. (a) [1], 801, 352.)  Finding no reversible evidentiary error, we affirm.

## I. BACKGROUND & PROCEDURAL HISTORY

On December 17, 2010, at about 10:00 p.m., Police Officer Dustin Mayberry approached appellant's truck and noticed a glass pipe in the center console.  Suspicious, Mayberry asked appellant if he would consent to a search.  Appellant agreed, exited his vehicle and withdrew several items from his pockets, which he placed on the bed of his truck before Mayberry could search his person.

These items included two digital scales, a Skoal tobacco tin containing four plastic baggies of "a white crystal substance," one empty baggy, and an unmarked medication bottle that contained three plastic baggies with five or six pills each.  Appellant was taken

---

[1]      Unless otherwise specified, all section references are to the Evidence Code.

1

into custody and read his *Miranda* rights. (*Miranda v. Arizona* (1966) 384 U.S. 436.) Mayberry then asked appellant about the nature of the drugs confiscated, which appellant described as approximately an "eight ball" of crystal meth (3.05 grams), six morphine pills, five oxycodone, and four methadone pills. Appellant was then charged with one count of possession of methamphetamine for sale and one count of selling methamphetamine. (Health & Saf. Code, §§ 11378 & 11379, subd. (a).)

At trial, Richard Bowden (Bowden) was introduced as an expert witness in the testing of illegal substances, particularly methamphetamine. Bowden ran a chemical test on the "white crystal" substance and determined that it was methamphetamine, with a net weight of 4.51 grams. Bowden also testified that the pills retrieved from appellant were morphine, oxycodone, and methadone, which matched appellant's prior admission to Mayberry. Bowden did not chemically analyze these pills. Instead, Bowden visually identified the pills using a Web site called "Ident-A-Drug,"[2] where a user may enter the color, shape, and markings on a pharmaceutical pill to identify the substance likely contained therein. Bowden explained that a user of this Web site may enter the appearance and markings of pharmaceutical pills to identify the substance likely contained therein.

Although Bowden noted that Ident-A-Drug is routinely used by the Contra Costa County crime lab to identify controlled substance pills, he was unaware who created or maintained the Web site. Bowden was also unaware of the existence of any standards that establish the reliability of the Web site and he was unable to identify any organizations or professionals in his field outside of his lab that have certified or rely on the Web site to officially identify pharmaceutical pills. In a section 402 hearing, the trial court ruled that sufficient foundation had been laid to introduce the pills into evidence for the jury to make their own determination as to the weight or credibility of Bowden's testimony.

---

[2]     The Ident-A-Drug Web site is located at: <http://identadrug.therapeutic research.com>.

Steven Lynn, a senior inspector at the District Attorney's Office, testified about a hypothetical scenario involving the same amount of methamphetamine, in similar packaging, along with scales, a pipe, and pills identified both by the suspect and an expert criminologist, as morphine, oxycodone, and methadone medications. Lynn determined that the weight and packaging of the methamphetamine, along with the presence of scales were consistent with possession with intent to sell. Lynn stated that the presence of the pills increased his belief that appellant possessed methamphetamine with intent to sell. Based upon the evidence presented, appellant was found guilty of possessing methamphetamine with intent to sell. (Health & Saf. Code § 11378.)

## II. DISCUSSION

Appellant contends that the prosecution failed to lay proper foundation for the Ident-A-Drug Web site used by Bowden to identify appellant's pills as controlled substances. (§ 403, subd. (a)(1) & (2); § 801, subd. (b).) It is appellant's belief that the Web site's improper admission prejudiced the jury, resulting in his conviction for possessing methamphetamine for sale. (§ 352; Health & Saf. Code, § 11378.)

### A. *Standard of Review*

An appellate court reviews challenges to a trial court's ruling on the admissibility of evidence for abuse of discretion. (*People v. Alvarez* (1996) 14 Cal.4th 155, 201.) "This standard of review applies to a trial court's determination of the relevance of evidence, as well as to whether the evidence's probative value is substantially outweighed by its prejudicial effect. [Citations.]" (*People ex rel. Lockyer v. Sun Pacific Farming Co.* (2000) 77 Cal.App.4th 619, 639-640.) Under this standard, the appellate court will interfere with the trial court's discretion only when it concludes that no judge could have reached the challenged result. (*Smith v. Smith* (1969) 1 Cal.App.3d 952, 958.)

***B.***     ***No Abuse of Discretion***

Appellant argues that the trial court abused its discretion by admitting Bowden's testimony vis-à-vis the Ident-A-Drug Web site without proper foundation having been laid for the site's reliability or general acceptance in the field. Appellant claims that this constituted a violation of section 403.

Section 403, subdivisions (a)(1) and (2) state that, "[t]he proponent of the proffered evidence has the burden of producing evidence as to the existence of the preliminary fact, and the proffered evidence is inadmissible unless the court finds that there is evidence sufficient to sustain a finding of the existence of the preliminary fact, when: (1) [t]he relevance of the proffered evidence depends on the existence of the preliminary fact; [or] (2) [t]he preliminary fact is the personal knowledge of a witness concerning the subject matter of his testimony."

A preliminary fact serves as the foundation for a court admitting a greater piece of evidence. For example, "[t]he existence of a conspiracy at the time the statement is made is the preliminary fact to the admissibility of the coconspirator's statement." (*People v. Herrera* (2000) 83 Cal.App.4th 46, 61 (*Herrera*).) The standard of review for the trial court, when examining evidence offered under section 403, is whether it is supported by the preponderance of the evidence. (*Herrera*, *supra*, 83 Cal.App.4th at p. 61.) Although preliminary fact questions are ultimately decided by the jury, the judge's function is " 'to determine whether there is evidence sufficient to permit a jury to decide the question.' " (*People v. Lucas* (1995) 12 Cal.4th 415, 466-467.)[3] In weighing the evidence of a preliminary fact, a trial judge necessarily exercises discretion, but should not admit a preliminary fact without proper indicia of reliability; to do so would result in abuse of the court's discretion. (*People v. Lucas*, *supra*, 12 Cal.4th at p. 466-467.) Where a party claims the trial court erred in admitting evidence, the determination of harm is reviewed in light of the entire record. (*Brea v. McGlashan* (1934) 3 Cal.App.2d 454, 466.)

---

[3]     This analysis was reaffirmed in *People v. Cottone* (2013) 57 Cal.4th 269, 283-284.

In the instant case, the reliability of the Web site is the preliminary fact to the admissibility of Bowden's testimony regarding the nature of appellant's pills. The prosecution had the burden of establishing the reliability of the Web site by the preponderance of the evidence. (§ 403, subd. (a)(1); *Herrera, supra,* 83 Cal.App.4th at p. 61.) When Bowden was asked to establish the trustworthiness of the Ident-A-Drug Web site, he testified that it was a Web site commonly used in his crime lab, and he had used it numerous times to visually identify pills. However, Bowden was unaware of who authored the Web site, whether it was hosted by the government or a private entity, whether experts beyond his crime lab relied upon it, whether there were any publications on the reliability of this Web site, and whether any organizations have certified the Ident-A-Drug Web site for use in recognizing controlled substances.

Although the prosecution presented a skeletal foundation for the Web site's reliability, the foundation was nevertheless sufficient for the jury to weigh the evidence's credibility.[4] However, appellant relies on *People v. McChristian* (1966) 245 Cal.App.2d 891 (*McChristian*), to argue that visual identifications of an alleged drug's outward appearance is insufficient due to its speculative nature. In *McChristian*, a police officer thought he saw balloons inside of the defendant's mouth and, believing they contained heroin, unsuccessfully tried to recover the balloons from the fleeing defendant. (*Id.* at pp. 894-895.) The evidence of the heroin was dismissed despite the police officer's firm belief that the balloons contained heroin because the balloons were never recovered or entered into evidence. (*Id.* at pp. 896-897.) Appellant's case is distinguishable from *McChristian* because appellant's narcotics were recovered, entered into evidence, and inspected by Bowden, an expert in drug identification and analysis. Moreover, appellant's admission regarding the nature of the pills was consistent with Bowden's Ident-A-Drug identification. Accordingly, the trial court did not abuse its discretion by submitting this preliminary question to the jury. (§ 1220.)

---

[4]     We express no opinion regarding the general admissibility of the Ident-A-Drug Web site, or any similar Web site.

Nevertheless, appellant argues that the trial court abused its discretion by allowing Bowden to testify based upon information that was unreliable and beyond the scope of his expertise. Appellant claims that this constituted a violation of section 801.

Section 801 states that, "If a witness is testifying as an expert, his testimony in the form of an opinion is limited to such an opinion as is: . . . (b) [b]ased on matter (including his special knowledge, skill, experience, training, and education) perceived by or personally known to the witness or made known to him at or before the hearing, whether or not admissible, that is of a type that reasonably may be relied upon by an expert in forming an opinion upon the subject to which his testimony relates, unless an expert is precluded by law from using such matter as a basis for his opinion." Although the premised material upon which an expert relies need not be admissible, it must still be of the type relied on by experts in the particular field when forming their opinions. (*People v. Gardeley* (1996) 14 Cal.4th 605, 618 (*Gardeley*).)

The material an expert depends upon must be reliable in order to prevent the court from giving the expert credence when his underlying data lacks apparent integrity. (*Gardeley, supra,* 14 Cal.4th at p. 618.) Hence, speculative sources or data are not the proper bases for expert opinion, and testimony premised upon these foundations should be rejected by the trial court. (*Long v. California-Western States Life Ins. Co.* (1955) 43 Cal.2d 871, 880.) That said, the trial court has broad discretion when ruling on foundational matters upon which an expert may rely. (*Korsak v. Atlas Hotels, Inc.* (1992) 2 Cal.App.4th 1516.) Consistent with this broad discretion, the nature of a controlled substance may be established by circumstantial evidence, including visual identifications by qualified experts. (*People v. Sonleitner* (1986) 183 Cal.App.3d 364, 369-370.) Thus, to be deemed inadmissible, the challenged material must be largely based on speculation or conjecture. (*Sargon Enterprises, Inc. v. University of Southern California* (2012) 55 Cal.4th 747, 770.)

In the instant case, the fact the foundation for the Ident-A-Drug Web site was not exhaustively detailed does not suggest that Bowden's conclusions were speculative, conjectural, or lacking a reasonable basis. Bowden had many years of experience as a

6

criminalist testing and identifying illicit drugs. Bowden reasonably relied on the Ident-A-Drug Web site–a reference tool he had used on numerous occasions–to confirm his visual inspection of the challenged pills. Indeed, similar methods of identification are common practice in many jurisdictions. (*Jones v. Commonwealth* (Ky. 2011) 331 S.W.3d 249, 254-255 [qualified chemists visually identified a drug as alprazolam based upon its shape, color, and markings]); *State v. Carter* (La.App. 2008) 981 So.2d 734, 744 [expert in forensic chemistry identified the "green pills" as containing Hydrocodone by performing a "visual inspection and comparison with pictures in a book"]; *State v. Stank* (Wis.App. 2005) 708 N.W.2d 43, 55 [forensic scientist identified a pill as Oxycontin by, among other things, using a *Physician's Desk Reference*]. The fact that Bowden did not know particular details about the tool he used to assist in identifying the pills–i.e. the Web site's authors, who maintained the Web site, and whether other experts beyond his office relied upon the Web site–does not establish that his identification was based on speculation or conjecture. Thus, we find that the materials Bowden relied upon to form the basis of his testimony are of the type reasonably relied upon by experts in his field, and the trial court did not abuse its discretion in allowing his testimony. To the extent appellant insists that Bowden's identification was faulty for not including a chemical analysis, these challenges go to the weight of Bowden's testimony, not its admissibility.

However, assuming arguendo that the trial court did err in allowing Bowden to rely on the Web site to identify the nature of the pills, appellant himself admitted to the same evidence offered against him by Bowden. Where a party-opponent admits to the same evidence offered against him, any error is manifestly harmless under any standard. (*People v. Mills* (2010) 48 Cal.4th 158, 194.) Thus, appellant's admission made Bowden's identification of the pills superfluous and therefore harmless. (*People v. Barney* (1992) 8 Cal.App.4th 798, 826.)

C.    **No Undue Prejudice**

Appellant alleges that Bowden's reliance on the Web site was improper, which unduly prejudiced the jury, resulting in his conviction for possessing methamphetamine for sale. (§ 352.) Section 352 states that, "[t]he court in its discretion may exclude

7

evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury."

"Exclusion of evidence under Evidence Code section 352 is reserved for those cases where the proffered evidence has little evidentiary value and creates an emotional bias against the defendant." (*Ajaxo Inc. v. E\*Trade Group, Inc.* (2005) 135 Cal.App.4th 21, 45.) "A trial court's decision to admit or exclude evidence is a matter committed to its discretion ' "and will not be disturbed except on a showing the trial court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice." ' [Citation.]" (*People v. Geier* (2007) 41 Cal.4th 555, 585, overruled on another point in *Melendez-Diaz v. Massachusetts* (2009) 557 U.S. 305.) This does not include prejudice that stems from relevant, highly probative evidence. (*People v. Mullens* (2004) 119 Cal.App.4th 648, 658.) Compelling evidence of similar, uncharged offenses may be highly probative of one's intent in the charged crime, unless it is merely cumulative on the issue. (*People v. Balcom* (1994) 7 Cal.4th 414, 422-423.)

In the instant case, appellant was charged and found guilty of possessing methamphetamine with intent to sell. (Health & Saf. Code, § 11378.) The prosecution introduced evidence showing that appellant possessed 4.51 grams of methamphetamine, scales, baggies, a pipe, and pills that appellant believed to be certain opiate-based narcotics. While appellant's possession of the pills was an uncharged offense, the trial court allowed the evidence because it was probative of appellant's intent to sell the methamphetamine. Because the evidence is relevant and highly probative of appellant's intent for the crime charged, any prejudice appellant may have suffered did not rise to the level necessary for exclusion under section 352. Thus, we find that the trial court did not abuse its discretion by allowing the presence and nature of appellant's pills to be admitted to the jury.

## II.  DISPOSITION

Judgment is affirmed.

_____
REARDON, J.


We concur:


_____
RUVOLO, P. J.


_____
HUMES, J.